## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| PEGGY GAYLOR CASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  4:16-cv-01635-JHE |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Peggy Gaylor Cash ("Cash") seeks review, pursuant to 42 U.S.C. §§ 405(g) and 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for a period of disability and disability insurance benefits ("DIB").  (Doc. 1).  Cash timely pursued and exhausted her administrative remedies.  This case is therefore ripe for review under 42 U.S.C. § 405(g). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **REVERSED** and this action is **REMANDED** for further proceedings.

### I. Factual and Procedural History

Cash filed an application for DIB on March 25, 2013, alleging disability beginning on August 14, 2012.[2]  (Tr. 34, 125-29).  The Commissioner initially denied Cash's claim, (tr. 91), and Cash requested a hearing before an ALJ, (tr. 84-85).  After a September 11, 2014 video hearing,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 16).

[2] In her brief, Cash states she "amends her onset [sic] to 1/18/13, the date she passed out at work."  (Doc. 7 at 2).

the ALJ denied Cash's claim on February 26, 2015. (Tr. 34-46). Cash sought review by the Appeals Council, but it denied her request for review on August 8, 2016. (Tr. 1-4). On that date, the ALJ's decision became the final decision of the Commissioner. On October 4, 2016, Cash initiated this action. (Doc. 1).

Cash was forty-three years old on the date the ALJ rendered his decision. (Tr. 44). Cash has a high school education and past work as a production supervisor, manager of a candle-making company, and a bar manager. (Tr. 44, 55-57, 65-66).

## II. Standard of Review[3]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity

---

[3] In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;
(2)     whether the claimant has a severe impairment;
(3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4)     whether the claimant can perform his or her past work; and
(5)     whether the claimant is capable of performing any work in the national

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Cash had not engaged in substantial gainful activity since August 14, 2012, the alleged onset date of her disability. (Tr. 36). At Step Two, the ALJ found Cash has the following severe impairments: hypertension and bipolar disorder. (*Id.*). At Step Three, the ALJ found Cash does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

Before proceeding to Step Four, the ALJ determined Cash's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Cash has the RFC

to perform medium, unskilled work as defined in 20 C.F.R. 404.1567(c) except that the claimant could not climb ropes, ladders, or scaffolds. The claimant could not work at unprotected heights or with dangerous machinery. The

claimant could have frequent interaction with co-workers and supervisors and occasional contact with the general public.

(Tr. 39).  At Step Four, the ALJ determined Cash could not perform any relevant past work. (Tr. 44).  At Step Five, the ALJ determined, based on Cash's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy Cash could perform. (Tr. 44). Therefore, the ALJ determined Cash has not been under a disability and denied her claim. (Tr. 45-46).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Cash raises eight objections to the denial of DIB.  Six of these relate to errors she attributes to the ALJ.  Specifically, she argues the ALJ: (1) improperly discounted the opinions of three treating physicians; (2) substituted his own opinion for the Commissioner's examining psychiatrist; (3) erred in concluding Cash did not meet Listing 12.04 and/or Listing 12.06; (4) improperly drew an adverse inference from Cash's lack of medical treatment; (5) incorrectly applied the Eleventh Circuit pain standard; (6) and failed to comply with Social Security Ruling 16-3p in assessing the intensity and persistence of her symptoms.  (Doc. 7 at 1-2).  The remaining two arguments deal with evidence Cash submitted to the Appeals Council.  She argues: (7) the Appeals Council erred

when it failed to consider new evidence submitted to it solely on the basis that evidence relates to a time period after the ALJ'S decision; and (8) considering the new evidence, the denial of benefits was not based on substantial evidence. (*Id*.). With respect to the seventh and eighth arguments, Cash has also moved to supplement the record with evidence she says she submitted to the Appeals Council, but that it failed to include in the record. (Doc. 8).

Because these last two arguments inform most of the remaining arguments, they are considered first.[5] As a preliminary matter, the undersigned notes they are essentially the same argument: both argue the evidence submitted to the Appeals Council was erroneously not considered, and that, in light of that evidence, remand is required. Cash's brief even contains the same paragraph, verbatim, in support of each argument. (*Compare* doc. 7 at 54 (paragraph beginning "Each piece of evidence . . .") *with* doc. 7 at 55-56 (paragraph beginning with same)).

---

[5] The sole argument unaffected by the seventh argument is the sixth, in which Cash argues remand is required because the ALJ did not apply the standards of Social Security Ruling 16-3p. (Doc. 7 at 46-50). The Commissioner published SSR 16-3p on March 16, 2016, with an effective date of March 28, 2016. SSR 16-3p, 2016 WL 1119029, *7 (March 16, 2016); SSR. 16-3p, 2016 WL 1237954 (March 24, 2016) (correcting effective date). SSR 16-3p superseded SSR 96-7p, which was in effect when the ALJ issued his decision. SSR 16-3p eliminates the use of the term "credibility" and clarifies that the ALJ "will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." SSR 16-3p, 2016 WL 1119029, *7 (March 16, 2016). However, Cash has pointed to no authority that persuades the undersigned that this clarification requires remand. Because the effective date of SSR 16-3p came after the ALJ's decision, the court reviews the case under SSR 96-7p. In any event, an evaluation of the ALJ's decision with the clarification in mind does not require remand. The ALJ did not make any statements to indicate he assessed the credibility of Cash's character, but rather assessed the statements she made in light of the objective medical evidence.

The undersigned further notes he has addressed this argument in numerous other cases in which Cash's counsel has advanced it. *See, e.g., White v. Comm'r of Soc. Sec. Admin.*, No. 4:16-CV-00248-JHE, 2017 WL 4246895, at *3 n.4 (N.D. Ala. Sept. 25, 2017); *Douglas v. Comm'r of Soc. Sec. Admin.*, No. 4:15-CV-01793-JHE, 2017 WL 1128452, at *6 (N.D. Ala. Mar. 24, 2017), *aff'd sub nom. Douglas v. Soc. Sec. Admin., Comm'r*, No. 17-12362, 2018 WL 1036987 (11th Cir. Feb. 23, 2018); *Owens v. Comm'r of Soc. Sec. Admin.*, No. 4:15-CV-01556-JHE, 2017 WL 1073366, at *3 n.4 (N.D. Ala. Mar. 21, 2017).

Therefore, the undersigned construes these separate arguments as a unified challenge to the Appeals Council's failure to consider new evidence.

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. 404.900(b)). The Appeals Council must review a case if it receives additional evidence that is new, material, and chronologically relevant. 20 C.F.R. § 404.970(a)(5); *Ingram*, 496 F.3d at 1261. "[W]hether evidence meets the new, material, and chronologically relevant standard is a question of law subject to . . . *de novo* review," and an erroneous failure to consider such evidence warrants remand. *Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). New evidence is noncumulative evidence that was not previously presented to the ALJ, and that evidence is material when "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision." *Foster v. Colvin*, No. 12-CV-4038-VEH, 2014 WL 1338095, at *4 (N.D. Ala. Mar. 28, 2014) (citing 20 C.F.R. § 404.970(b)). Even records that postdate the ALJ's decision may be chronologically relevant when they assess the conditions that existed prior to the decision and there is no evidence of deterioration. *Washington*, 806 F.3d at 1322.

After the ALJ's denial of on February 26, 2015, Cash submitted a brief and two additional evidentiary submissions: treatment notes from Dr. Sabrina Morgan-Graves, dated March 31, 2015, to September 29, 2015, (tr. 22-30), and records from Gadsden Psychological Services containing a psychological evaluation by Dr. David Wilson, dated December 22, 2015. (Doc. 7 at 50). The Appeals Council declined to consider this new evidence, stating: "The Administrative Law Judge

decided your case through February 26, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 26, 2015." (Tr. 2). Cash contends that the Appeals Council's statement that the new submissions were "about a later time" was inadequate to support that it considered whether those submissions were chronologically relevant. (Doc. 7 at 50).

### A. The Appeals Council did not err by failing to consider additional records from Dr. Morgan-Graves

Cash submitted eight pages of records from Dr. Morgan-Graves, a general practitioner who is Cash's primary care physician. (Tr. 23-30, 40-42). The records encompass three visits to Dr. Morgan-Graves and indicate Cash presented with hypertension, pancreatitis, and hypothyroidism on March 31, 2015, (tr. 23-25); hypertension, abdominal discomfort, and allergies on May 5, 2015, (tr. 26-28); and abdominal discomfort, nausea, and hypertension on April 15, 2015, (tr. 29-30).

Cash's contentions regarding the Appeals Council's failure to consider the additional evidence from Dr. Morgan-Graves are misplaced. First, the records are not even arguably chronologically relevant to anything beyond Cash's hypertension. Cash does not suggest, and the record does not reflect, that any of the other conditions Dr. Morgan-Graves treated her for (e.g., hypothyroidism and abdominal discomfort) existed at the time of the ALJ's decision such that they relate to the time period when Cash was seeking DIB. And as to Cash's hypertension, the additional evidence is cumulative of evidence already in the record. The record is replete with evidence that Dr. Morgan-Graves diagnosed Cash with hypertension, (*see, e.g.,* tr. 292, 295, 298), even containing descriptions of Cash's hypertension identical to those used in Dr. Morgan-Graves' new reports, (*compare* tr. 23 *with* tr. 301). Dr. Morgan-Graves makes no additional findings and conducts no additional tests. Finally, the records are not material because they do not contain any

evidence that would challenge the ALJ's conclusion Cash's hypertension "has been difficult to control even with medication, [but that] there is no evidence of associated end stage organ damage" or alter the physical limitations he imposed in his RFC, which accounted for Cash's hypertension. (Tr. 40). Therefore, the Appeals Council did not err by declining to consider Dr. Morgan-Graves' additional records.

### B. The Appeals Council erred by failing to consider Dr. Wilson's report, requiring remand

Dr. Wilson's report, attached as an exhibit to Cash's motion to correct the record, is six pages long. (Doc. 8-1 at 2-7). However, the Appeals Council only included two pages from Dr. Wilson's report in the record, (tr. 16-17), despite a cover page indicating the Gadsden Psychological records contain six pages, (tr. 15). The two pages that do appear are Dr. Wilson's recitation of the background information he reviewed for his evaluation, Cash's reported medical history, and Cash's personal information. (Tr. 16-17).

#### 1. Cash's motion to correct the record (Doc. 8)

Cash argues she submitted the entire report to the Appeals Council, and moves to correct the record to include the four missing pages. (Doc. 8). To support this, she includes a fax confirmation sheet showing that the Appeals Council received a 49-page submission. (Doc. 8-1 at 1). According to Cash, the 49-page submission breaks down into a 32-page brief, the eight pages of Dr. Morgan-Graves' records included in the record, and the six pages of Dr. Wilson's evaluation, along with cover pages for each individual item. (Doc. 8 at 1 n.1). Therefore, she concludes the Appeals Council's failure to include Dr. Wilson's report in the record was an oversight and requests the record be corrected to include the entire report. (*Id*. at 7). The Commissioner responds that it is not clear that the Appeals Council ever received the evidence, so

Cash has failed to show that Dr. Wilson report was before the Appeals Council at all. (Doc. 11 at 1-2). The Commissioner also argues that Cash has failed to satisfy the criteria for sentence six remand, which she argues cover Cash's evidentiary submission of the four missing pages of Dr. Wilson's report. (*Id.* at 2).

First, Cash has adequately demonstrated that she submitted Dr. Wilson's report to the Appeals Council, which then failed to place the full report into the record. While the Commissioner argues the absence of the remaining four pages of the report from the record means it is unclear whether the Appeals Council ever received the report, she does not account at all for the fax confirmation page showing that the Appeals Council received a 49-page submission consistent with Cash's description. (*See* doc. 8-1 at 1). The evidence suggests Cash discharged her burden in submitting Dr. Wilson's entire report to the Appeals Council; while it is unknowable what the Appeals Council did with the report once it received it, it would be incongruous to hold Cash responsible for that error.

Second, the Commissioner's argument Cash has not made a sufficient showing for remand under sentence six fails. "Sentence six" refers to the sixth sentence of 42 U.S.C. § 405(g), which provides: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner? of Social Security." 42 U.S.C. § 405(g). Sentence six "provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court" and "is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram*, 496 F.3d at 1267. Here, though, the missing pages of Dr. Wilson's report were not presented for the first time in the district court; the evidence was

10

submitted to the Appeals Council, which erroneously did not include it in the administrative record even though it was part of the record once it was submitted to the Appeals Council. *See Nelson v. Sullivan*, 966 F.2d 363, 366 n.5 (8th Cir. 1992) ("once the evidence is submitted to the Appeals Council it becomes part of the record"). Therefore, sentence six remand would be inappropriate, and it is irrelevant whether Cash can meet the criteria for remand under sentence six. *See Neal v. Colvin*, No. 2:12CV290-CSC, 2013 WL 3237779, at *3 (M.D. Ala. June 25, 2013) (holding sentence six remand requirements inapplicable where Appeals Council erroneously failed to place evidence properly submitted to it into claimant's file). Consequently, Cash's motion to correct the record, (doc. 8), is **GRANTED**. Dr. Wilson's full report, (doc. 8-1 at 2-7), is made a part of the record and will be considered.

### 2. Dr. Wilson's report is new, material, and chronologically relevant

The Commissioner argues Dr. Wilson's report is not new, material, or chronologically relevant, and therefore the Appeals Council's decision not to consider it was not erroneous. (Doc. 12 at 29-32). The first of these is easily dispensed with. The Commissioner contends Dr. Wilson's report is similar to reports by other evaluators, so Dr. Wilson's evaluation is not new and is cumulative of the other reports. (*Id*. at 30). This is inapt; none of *Dr. Wilson's* opinions were previously in the record reviewed by the ALJ. *See Washington*, 806 F.3d at 1321 n.6 (physician's opinions not previously included in the record were new and noncumulative). Additionally, Dr. Wilson performed a cognition and memory screening and administered the Hamilton Anxiety Rating Scale, which are not reflected elsewhere in the record. (Doc. 8-1 at 5-6). This provides objective medical evidence to support both Cash's subjective complaints and the opinions of other physicians; therefore, it is noncumulative. *See Hyde*, 823 F.2d at 459. The report is clearly new and noncumulative.

11

The report is also material. Dr. Wilson concludes that "it does appear that [Cash's] current level of functioning is so impaired that she would not be able to maintain any kind of job." (Doc. 8-1 at 6). Dr. Wilson's Mental Health Source Statement also suggests that Cash cannot perform a variety of work-related activities—e.g., maintaining attention, concentration and/or pace for two-hour periods and interacting appropriately with co-workers—and would miss over twenty days in a thirty-day period due to her psychological symptoms. (Doc. 8-1 at 7). If Dr. Wilson's findings of these severe deficits were accepted, there is a reasonable probability the administrative result would change. *See Washington*, 806 F.3d at 1321. While the Commissioner contends Dr. Wilson's report is of less value because he was a one-time examiner and not a treating physician, (doc. 12 at 31), this is a question of the weight the Commissioner might assign to the report on remand, not its materiality. To the extent the Commissioner implies Dr. Wilson's report would not change the outcome due to Dr. Wilson's status as a one-time examiner, her argument "is advisory at best" and not entitled to any weight. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

That leaves chronological relevance. The Commissioner argues the Appeals Council "looked at the additional evidence, but found that it did not relate back to the time period on or before February 26, 2015." (Doc. 12 at 29). Whether or not the statement that the evidence was "about a later time" would suffice in any context to demonstrate the Appeals Council had considered the chronological relevance of the new evidence, the Commissioner's contention is not reasonable in this case because the record only contains two pages of Dr. Wilson's report, neither of which present his conclusions. It would have been impossible for the Appeals Council to assess whether the report related back to the time prior to the ALJ's decision without the benefit of the additional four pages it did not make a part of the record and, apparently, did not consider.

Therefore, the Appeals Council's statement suggests that, rather than considering the chronological relevance of the evidence, it erred by perfunctorily adopting the recommendation of the ALJ without adequately reviewing the evidence. *See Mann v. Gardner*, 380 F.2d 182, 187 (5th Cir. 1967).[6]

Even if the Appeals Council's statement could be taken at face value, its decision to refrain from considering Dr. Wilson's report would still warrant remand. In a notice of supplemental authority, Cash points the court to *Hunter v. Soc. Sec. Admin., Comm'r,* 705 F. App'x 936, 941 (11th Cir. 2017), a case with strikingly similar facts. (Doc. 18).[7] As in this case, a psychologist[8] submitted a report based on an evaluation postdating the ALJ's decision, opining the plaintiff's limitations exists back to her disability onset date. *Hunter,* 705 F. App'x at 938-39. The Appeals Council (presumably having reviewed the full report) declined to consider the evaluation because it was "about a later time." *Id.* at 939. The district court affirmed, finding the report did not clearly relate to the relevant time period. *Id.* The Eleventh Circuit, however, reversed, holding the report was chronologically relevant even though it was dated months after the ALJ's decision. *Id.* at 940. It noted the psychologist had reviewed the plaintiff's medical records from the period before the ALJ's decision and considered her statements about that time period. *Id.* Further, it found especially relevant that the psychologist had explicitly stated his opinions related back to plaintiff's onset date. *Id.* It determined that the psychologist's report presented essentially the same "special

---

[6] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[7] Cash has also filed a substantially similar notice of supplemental authority, (doc. 17), but its caption and case-specific discussion indicate it was filed in error in this case.

[8] In fact, the psychologist in *Hunter* was the same Dr. Wilson whose report is at issue in this case.

circumstances" as in *Washington*, 806 F.3d 1317, in which the Eleventh Circuit inferred from the fact a psychologist had reviewed the plaintiff's records dating back to the period before the ALJ's decision that the psychologist's opinions were chronologically relevant. 705 F. App'x at 940. The court noted that the facts in *Hunter* were even more compelling than those in *Washington* because the psychologist's statement meant that no inference was required to determine that his opinions related back to the date of the ALJ's decision. *Id.* Therefore, the Eleventh Circuit concluded remand to the Commissioner was required. *Id.* at 941.

Here, Dr. Wilson's report (even the part reviewed by the Appeals Council) specifically states Dr. Wilson reviewed the following: Dr. Morgan-Graves' Mental Health Source Statement dated 8/25/2014; Dr. Morgan-Graves' records from 9/11/2012 to 5/5/2015; Dr. Benjamin Carr's Mental Health Source Statement dated 9/24/2014; Dr. Carr's records from 10/24/2013 to 2/24/2104; Gadsden Regional Medical Center records from 4/22/2012 to 12/10/2013; Dr. Heather Henig's records dated 1/18/2013 to 2/26/2013; Lincoln Financial Group records dated 4/1/2013 to 4/18/2013; Dr. Alberto Echeverri's records dated 11/25/2013; and Neurological Specialists records dated 5/22/2013 to 8/29/2013. (Tr. 16; doc. 8-1 at 2). This corresponds to Exhibits 10F, 3F (with additional records), 14F, 13F, 1F & 9F, 5F, 6F, 8F, and 11F of the record. With the exception of some additional records from Dr. Morgan-Graves (presumably the additional records submitted to the Appeals Council), all of the referenced background material relates to Cash's treatment prior to the ALJ's decision because it was part of the record before the ALJ. As in *Hunter* and *Washington*, this supports that Dr. Wilson's opinion is chronologically relevant. Additionally, as in *Hunter*, Dr. Wilson explicitly stated the limitations he described in his Mental Health Source Statement related back to August 14, 2012. (Doc. 8-1 at 7).

14

The Commissioner points to several cases in which the Appeals Council's failure to consider evidence did not warrant remand. (Doc. 12 at 31-32). All are distinguishable. In *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 554 (11th Cir. 2016), the Eleventh Circuit found that, unlike this case, (among other things) there was "no indication that the [source of the new records] reviewed or had access to [the plaintiff's] past medical records" and, in any event, the records reflected a worsening of the plaintiff's symptoms (which the Commissioner does not allege is the case here). In *McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 472 (11th Cir. 2016), the Eleventh Circuit stated with no elaboration that the new evidence "related to a time period after the date of the ALJ hearing decision." And in *Clough v. Soc. Sec. Admin., Com'r*, 636 F. App'x 496, 498 (11th Cir. 2016), while chronologically relevant, the new records were consistent with the ALJ's findings or were not "new" because they were cumulative of evidence already in the record, which, as stated above, is not the case here. None of these compel a different outcome in this case than in *Hunter* or *Washington*.

The Appeals Council's failure to consider Dr. Wilson's report was erroneous. Therefore, this case must be remanded under sentence four for the Commissioner to consider the report. Because the conclusions in Dr. Wilson's report are intertwined with the other issues raised by Cash—the appropriate weight to afford other physician opinion evidence, the characterization of Cash's testimony, and whether or not Cash meets a Listing—the undersigned does not reach those issues.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Cash's

claim for a period of disability and disability insurance benefits is **REVERSED** and this action

**REMANDED** for the Commissioner to consider Dr. Wilson's report.

DONE this 23rd day of March, 2018.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE